IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRAD McADAMS, )
)
        Plaintiff, )
)
        v. )      1:05CV01021
)
AUTOZONE, INC., STEVE HOWELL, )
GILBERT HOWELL, and CRAIG CLEMENS, )
)
        Defendants. )
_____)

MEMORANDUM OPINION

Tilley, Chief Judge

This case arises out of a dispute between Plaintiff Brad McAdams and his former employer AutoZone, Inc. ("AutoZone") over Plaintiff's allegations of racial harassment and discriminatory discharge. It is now before the Court on the Defendants' Motion to Dismiss Defendants Steve Howell, Gilbert Howell, and Craig Clemens as Parties [Doc. # 11]. For the reasons set forth below, the Defendants' Motion to Dismiss will be GRANTED.

I.

The facts in the light most favorable to the nonmoving party are as follows: Mr. McAdams, an African-American, was employed as a General Manager for Defendant AutoZone during the period between March of 2000 and December 11, 2004. Mr. Steve Howell, a District Manager for AutoZone, harassed Mr. McAdams while he was employed by AutoZone. He called Mr. McAdams names such as

"brother," "homeboy," and "bubba" and told Mr. McAdams that he was "getting ghetto." Mr. McAdams informed Mr. Howell that he did not like these kinds of comments, but Mr. Howell continued to make them.

In addition, another employee, Mr. Fred Hamler, made racially derogatory comments in Mr. McAdams' presence while he was working at AutoZone. Mr. Hamler said "he was not going to work like a nigger" and called an employee "bubba" and "boy." Mr. McAdams informed Mr. Howell of Mr. Hamler's comments, but Mr. Howell would not let him discipline Mr. Hamler and did not take any action to stop the comments.

On December 11, 2004, Mr. Howell informed Mr. McAdams that he was being discharged from his position as General Manager for breaching the company's confidentiality policies. Mr. McAdams was told he breached AutoZone's confidentiality policies when he gave a management trainee keys to the store, access to the store safe, and provided him with the computer passwords. However, Mr. McAdams asserts that all management trainees are given these items.

On November 23, 2005, Mr. McAdams, a *pro se* plaintiff, filed the present case against AutoZone, Steve Howell, Gilbert Howell, and Craig Clemens, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964.[1] The

---

[1] Mr. McAdams filed an application to proceed *in forma pauperis* on November 9, 2005 [Doc. # 1]. This motion was granted on November 23, 2005 [Doc. # 3].

Defendants filed an Answer on January 5, 2006 [Doc. # 10] and filed a Motion to Dismiss Steve Howell, Gilbert Howell, and Craig Clemens as Parties on January 10, 2006 [Doc. # 11]. Mr. McAdams was informed of his right to respond to the Defendants' Motion to Dismiss in a letter dated January 12, 2006 [Doc. # 13]. However, Mr. McAdams has not filed any response to the Defendants' motion.

II.

A motion to dismiss for failure to state a claim upon which relief can be granted is designed to test the legal sufficiency of the complaint. Eastern Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). When considering a motion to dismiss under Rule 12(b)(6), a court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the nonmoving party. Id. (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). If a complaint fails to sufficiently state facts to support each element of the claims asserted therein, dismissal for failure to state a claim is proper. Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002).

III.

Mr. McAdams has brought his claim for race discrimination under Title VII of the Civil Rights Act of 1964. In his Complaint, he names Steve Howell, Gilbert Howell, and Craig Clemens as defendants in addition to his former employer,

3

AutoZone.[2] However, it is well-settled that supervisors are not liable in their individual capacities for violations of Title VII. Lissau v. S. Food Serv., Inc., 159 F.3d 177 (4th Cir. 1998). In Lissau, the Fourth Circuit noted that Title VII defines the term "employer" to include persons that employ fifteen or more workers as well as any agent of such person. Id. at 180. The court found that the exemption of small employers from the reach of Title VII was indicative of a congressional intent not to extend liability under Title VII to individuals. Id. ("[I]t would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company."). The Lissau court also noted that when Congress amended the statute in 1991 to add compensatory and punitive damages to the list of available remedies under the statute, it tied the amount of available compensatory and punitive relief to the size of the employer. Id. at 181. However, it did not include any such provision for cases in which a plaintiff seeks to hold an individual supervisor liable. Id. The court therefore found that Title VII's remedial scheme suggests that "Congress only intended employers to be liable for Title VII violations" and that another outcome "would improperly expand the remedial scheme crafted by Congress." Id.

In light of the holding in Lissau, Mr. McAdams cannot bring suit under Title

---

[2] Although not specifically identified in the Complaint, it appears that Gilbert Howell and Craig Clemens were also employed in some supervisory capacity over Mr. McAdams while he was employed by AutoZone.

4

VII against the individual employees named in his Complaint.  Accordingly, Mr. McAdams' claims against the individual defendants, Steve Howell, Gilbert Howell, and Craig Clemens, will be dismissed.

IV.

For the foregoing reasons, the Defendants' Motion to Dismiss Steve Howell, Gilbert Howell, and Craig Clemens as Parties [Doc. # 11] will be GRANTED.  This case will proceed against the remaining Defendant AutoZone.

This the day of May 23, 2006

   /s/ N. Carlton Tilley, Jr.
United States District Judge